UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT JOHN BUSTILLOS,

        Plaintiff,

    v.

Correctional Officer PEREZ (male); Correctional Officer J. J. RODRIGUEZ, JR.; Lieutenant RANKIN; Lieutenant BILLINGS; Correctional Officer ORNELAS; and Correctional Officer WILSON,

        Defendants.

No. C 05-4728 PJH (PR)

**ORDER OF SERVICE AFTER AMENDMENT**

This is a civil rights case filed pro se by a state prisoner. It has twice been dismissed with leave to amend. In the first initial review order the court concluded that plaintiff had stated a claim against Perez and Rankin for deliberate indifference to his safety in celling him with a dangerous cellmate. It also dismissed several other claims and defendants without leave to amend, and dismissed with leave to amend plaintiff's claims that he was unconstitutionally held in administrative segregation. As to the segregation claim, plaintiff was instructed to make clear (1) what it was about his placement that was unconstitutional; and (2) who he claimed was responsible. He was warned to include all the claims he wished to make in the amended complaint.

Plaintiff did file an amended complaint, but he did not include the claims that the court had already found to be sufficient to go ahead, and he did not provide the coherent claims against specific individual defendants that plaintiff was instructed to provide. The amended complaint therefore was dismissed with leave to amend again. Plaintiff has done so.

Plaintiff includes his claims against Perez and Rankin in the second amended complaint; as the court has already found these sufficient, they will be served.  As to the claims regarding administrative segregation, plaintiff has failed to provide specific allegations as to what unconstitutional steps were taken and by whom.  Thus, those claims will be dismissed without further leave to amend.

## CONCLUSION

1. All remaining claims except those against Rankin and Perez are **DISMISSED**.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint with attachments and copies of this order on the following defendants: Correctional Officer Perez, D8; and Lieutenant Rankin. Plaintiff states that they can be found at Salinas Valley State Prison.

3. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than sixty days from the date of service, defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their summary judgment motion is due.  All papers filed with the court shall be promptly served on the plaintiff.

   b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

   If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff

should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

      c. If defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served upon them.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

6. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 26, 2007.

PHYLLIS J. HAMILTON  
United States District Judge

G:\PRO-SE\PJH\CR.05\BUSTILLO728.SRV.wpd

## NOTICE -- WARNING
## (SUMMARY JUDGMENT)

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

## NOTICE -- WARNING
## (EXHAUSTION)

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.